C/M

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------  X
UNITED STATES OF AMERICA,                                     :
                                                              :    **MEMORANDUM**
                                                              :    **DECISION AND ORDER**
                       - against -                            :
                                                              :    98-cr-420 (BMC)
CARF FLAHARTY,                                                :
                                                              :
                       Defendant.                             :
                                                              :
------------------------------------------------------------  X
```

**COGAN**, District Judge.

Defendant *pro se* seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). A jury convicted him of conspiracy to distribute and possess with intent to distribute certain drugs, conspiracy to distribute and possess with intent to distribute those drugs within 1,000 feet of a public elementary school, and engaging in a continuing criminal enterprise. Defendant had served as a "lieutenant" who supervised drug dealers working for his organization. He was originally sentenced to life in prison, but Judge Gleeson reduced his sentence to 360 months' custody pursuant to an amendment to the Sentencing Guidelines.

In his motion, defendant acknowledges that he does not really understand whether he qualifies for compassionate release, but he offers the following facts: (1) he is going to be deported at the conclusion of his sentence, and keeping him in custody is a waste of taxpayer money; (2) he has served more than 75 percent of his sentence; (3) he is obese, diabetic, and suffers from high blood pressure, which increase his vulnerability to COVID-19; (4) there is limited opportunity for exercise in his facility, which further increases his exposure to disease; and (5) his parents in the Dominican Republic suffer from diabetes and high blood pressure.

The Government does not dispute that defendant has exhausted his administrative remedies. That means he must satisfy two criteria: (1) "extraordinary and compelling reasons" for compassionate release and (2) a balance of the sentencing factors under 18 U.S.C. § 3553(a) that weigh in favor of compassionate release. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering whether there are extraordinary and compelling reasons, I am not limited to the considering the grounds that the Bureau of Prisons uses, but instead have discretion to consider all available facts. United States v. Brooker, 976 F.3d 228, 230 (2d Cir. 2020).

Exercising this discretion, I conclude that defendant has not offered "extraordinary and compelling" reasons for compassionate release. First, mere exposure to COVID-19, even for inmates with medical conditions that elevate their risk, is not enough. See United States v. Bolino, No. 06-cr-806, 2020 WL 6136258, at *2 (E.D.N.Y. Oct. 19, 2020); see also United States v. Ellis, No. 96-cr-100, 2020 WL 5802312, at *2 (E.D.N.Y. Sept. 29, 2020) (collecting cases). Here, the risk of contagion does not appear to be excessive, even with limitations on exercise time. Only six inmates at defendant's facility have tested positive for COVID-19. See Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus (last visited Nov. 6, 2020); see also Bolino, 2020 WL 6136258, at *2 (ten percent positive rate at facility did not support compassionate release).

Second, the fact that defendant has served more than 75 percent of his sentence qualifies him for consideration, but it is not an extraordinary and compelling circumstance. The Bureau of Prisons already awards good time credit, and compassionate release is not meant to supplement or dilute the BOP's release guidelines unless there are other factors present. See United States v. Lopez, No. 16-cr-317, 2020 WL 3100462, at *3 & n.5 (S.D.N.Y. June 10, 2020) (defendant who had 66 months to serve on a sentence was "easily distinguished" from defendants seeking release

who "had served most or nearly all of his or her term of incarceration" and were "at heightened risk from COVID-19"). Finally, defendant has failed to show that his parents are incapable of caring for themselves without his assistance.

Even if I found extraordinary and compelling circumstances, defendant would have to demonstrate that the factors under § 3553(a) weigh in favor of release. He has offered nothing to suggest that Judge Gleeson improperly considered them in sentencing him to 360 months. Nor are there any new facts that would change the way Judge Gleeson balanced them. Having reconsidered the factors *de novo*, I conclude they do not weigh in favor of release. Defendant had a managerial role in a drug trafficking organization, an extremely serious crime in which he used teenagers as drug dealers. And his conduct in prison has been anything but exemplary – just over a year ago, he was found guilty in a prison disciplinary proceeding of attempted assault, weapons possession, and fighting. That was not the first time he had been involved in a prison fight. Protection of the public thus remains a factor weighing in favor of continuing incarceration.

Because defendant has not shown "extraordinary and compelling" reasons for release or that the § 3553(a) factors weigh in his favor, the motion for compassionate release [422] is denied.

 **SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 6, 2020